IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



TRAVIS T. GRIFFIN,

    Petitioner,

v.                                                                                                                   Civil Action No. **3:09CV163**

EDDIE PEARSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia prisoner, brings this petition for a writ of habeas corpus challenging his convictions in the Circuit Court for the City of Norfolk ("Circuit Court"). Petitioner contends that he is entitled to relief upon the following grounds:

    Claim 1         Petitioner did not receive the effective assistance of counsel because:
                              (a)     Counsel failed to perform an adequate pretrial investigation;
                              (b)     Counsel "[f]ailed to challenge the admissibility of the identification evidence due to faulty video tape, tainted, distorted video stills presented by the prosecution";
                              (c)     Counsel "failed to challenge the trier of fact who gave a witness for the Commonwealth a jury instruction on reasonable doubt";
                              (d)     Counsel failed "to object to the misconduct of the prosecutor and [the] fact finder."

    Claim 2         The evidence was insufficient to prove beyond a reasonable doubt that Petitioner was the perpetrator of the offenses for which he was convicted.

(§ 2254 Pet. at 5).[1] Respondent has moved to dismiss on the grounds that Claims 1(a) through 1(d) are defaulted and that Claim 2 lacks merit.

---

[1] The Court has corrected the capitalization in the quotations to Petitioner's submissions.

## I. PROCEDURAL HISTORY

Petitioner was convicted in the Circuit Court two counts of robbery and two counts of use of a firearm during the commission of a robbery. Petitioner appealed to the Court of Appeals of Virginia.[2] Petitioner challenged the sufficiency of the evidence against him. The Court of Appeals of Virginia denied Petitioner's petition for appeal. Petitioner petitioned the Supreme Court of Virginia for an appeal. On March 20, 2008, the Supreme Court of Virginia refused Petitioner's petition for appeal.

On July 29, 2008, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. In that petition, Petitioner claimed that he was entitled to relief because counsel failed to introduce into evidence a dollar bill that had been found at the crime scene, which "showed up negative for petitioner's prints." (State Habeas Pet. 3.) The Supreme Court of Virginia concluded that Petitioner failed to demonstrate either deficiency or prejudice with respect to the above claim and dismissed the petition.

On March 16, 2009, Petitioner filed his present 28 U.S.C. § 2254 petition with this Court.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v.*

---

[2] The Court of Appeals of Virginia dismissed Petitioner's initial petition for appeal because he failed to file the required transcripts. On November 8, 2006, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia limited to the denial of his appeal. The Supreme Court of Virginia was granted permission to pursue a belated appeal. The discussion in the present Memorandum Opinion refers to the belated direct appeal and the state petition for a writ of habeas corpus, which followed these initial appellate proceedings.

*Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews*, 105 F.3d at 911 (*citing Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court is precluded from reviewing the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

When he filed his July 29, 2008 state habeas petition, Petitioner failed to present claims 1(a) through 1(d) to the Supreme Court of Virginia If Petitioner were to attempt now to present Claim 1(a) through 1(d) to the Supreme Court of Virginia, that court would find the claim procedurally barred pursuant to section 8.01-654(B)(2) of the Virginia Code.[3] That statute

---

[3] That statute provides, in pertinent part:
Such petition shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any

3

requires habeas petitioners to raise all available grounds for relief in their first state petition for a writ of habeas corpus and constitutes an independent and adequate state procedural rule. *See George v. Angelone*, 100 F.3d 353, 363-64 (4th Cir. 1996). Thus, Claims 1(a) through 1(d) are procedurally defaulted. Petitioner has not demonstrated any basis for excusing his default. Accordingly, Claims 1(a) through 1(d) will be DISMISSED.

### III. SUFFICIENCY OF THE EVIDENCE

A federal habeas petitioner is entitled to relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The Court of Appeals of Virginia aptly summarized the evidence at trial as follows:[4]

> **[March 3, 2004 Robbery]**
> On the evening of March 2, 2004, Rolando Painter was working as a Clerk at a 7-Eleven store on East Princess Anne Road in Norfolk. Painter saw appellant using the public phone for thirty minutes to an hour in a well-lit area outside the store.
> The following evening, appellant entered the 7-Eleven store, purchased candy, and left. About two minutes later, appellant reentered the store and purchased a single cigar. As Painter was giving appellant his change, appellant pushed Painter's hand down on the cash register. Appellant pointed a gun at Painter and ordered him

---

allegation the facts of which petitioner had knowledge at the time of filing any previous petition. The provisions of this section shall not apply to a petitioner's first petition for a writ of habeas corpus when the sole allegation of such petition is that the petitioner was deprived of the right to pursue an appeal from a final judgment of conviction or probation revocation, except that such petition shall contain all facts
. . . .
Va. Code § 8.01-654(B)(2) (West 2009).

[4] Petitioner is referred to as the "appellant" in opinion of the Virginia Court of Appeals. In conducting the present federal habeas review, the findings of fact by the Virginia Court of Appeals are presumed correct. *See* 28 U.S.C. § 2254(e)(1); *Pope v. Netherland*, 113 F.3d 1364, 1367 (4th Cir. 1997) (*citing Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)). Petitioner has the burden of rebutting that presumption by clear and convincing evidence.

4

to retreat. Painter stepped away from the cash register. Appellant reached into the register, took the money, and left.

Painter provided the police with a description of the person who robbed him. The police showed Painter photographs of a number of individuals, but Painter did not identify any of them as the perpetrator. While Painter was standing at a bus stop about two weeks after the incident, he saw appellant driving past in a black Honda. Painter recorded the license plate number of appellant's vehicle and gave it to the police. The police then showed Painter a photographic lineup including appellant's picture. At that time, Painter identified appellant as the person who had robbed him. At trial, Painter expressed certainty that he had correctly identified appellant.

Danny Medero, a security officer, was stopping at the 7-Eleven store to make a purchase on the night of the robbery. A black Honda was parked on a side road leading to the store. Modero did not see anyone near the vehicle. Medero parked in a lot next to the store. He saw an individual with a hand in his pocket leave the store. The person then got into the black Honda and drove away. When Medero went to the door of the 7-Eleven, he learned that Painter had just been robbed. Medero identified appellant as the person he saw entering the Honda.

### [March 10, 2004 Robbery]

Cristine Reagan was robbed at gunpoint while working as a clerk at a 7-Eleven store on Sewell's Point Road in Norfolk on the evening of March 10, 2004. A man Reagan identified as appellant purchased an item from her at the counter of the store, then said he wanted a soda. After walking to the drink cooler, appellant returned to the counter and asked for a single cigar. Reagan gave the cigar to appellant, accepted payment, and opened the drawer of the cash register to make change. Appellant ordered Reagan not to move. When Reagan looked up, she saw appellant was holding a gun. Reagan backed away from the counter. Appellant grabbed the money out of the cash register and left the store.

Reagan stated the incident was traumatic for her, but she had no doubt about her identification of the appellant. During the robbery, Reagan made special note of marks and blemishes on appellant's face, which were present at the time of his trial.

Tracey Hamilton was working at the 7-Eleven store at the time of the March 10 robbery. She observed appellant wandering in the store, then heard Reagan screaming that she had been robbed. Hamilton saw appellant walk out the door of the store. Appellant stopped and looked inside the store, giving Hamilton another opportunity to observe him. Hamilton immediately locked the door. Appellant left the scene.

*Griffin v. Commonwealth*, No. 1434-07-1, 1-3 (Va. Ct. App. Nov. 7, 2007). Petitioner suggests that, *inter alia*, the minor discrepancies between the eyewitnesses' initial description of robber

and Petitioner's height and weight renders the victims' identification of Petitioner as the robber incredible. The Court disagrees. As the Court of Appeals of Virginia observed:

> Both victims had ample opportunity to observe appellant, and they were certain they had identified appellant correctly. Moreover, the victims' identification testimony was corroborated by others who observed appellant at the crime scenes. Medero observed appellant leaving the store immediately after the March 3 robbery. Hamilton saw appellant leave the store after the March 10 robbery, then turn and look inside, after Reagan announced she had been robbed.

*Id.* at 3. Considered in the light most favorable to the Commonwealth, the evidence amply supported the conclusion that Petitioner perpetrated the robberies of Reagan and Painter. *See United States v. Habegger*, 370 F.3d 441, 444 (4th Cir. 2004) (explaining that the finder of fact "not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different, reasonable interpretations, the [finder of fact] decides which interpretation to believe.'" (*quoting United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994))). Claim 2 will be DISMISSED. The motion to dismiss (Docket No. 6) will be GRANTED. The petition for a writ of habeas corpus will be DENIED. The action will be DISMISSED.

An appropriate Order shall issue.

Date: DEC 3 0 2009
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge